### ROUSSIN ET AL V. BENTON.

*A lessor cannot maintain an action of trespass quare clausum fregit, while there is a tenant in possession.*

Error to the Circuit Court of Washington County.

*Scott, Ziegler and Frissel for plaintiff in Error.*

1st. That the owners of the land cannot maintain the action of trespass unless the possession be vacant or he be himself in the actual possession. If there be a tenant in possession he, not the landlord, must bring the action. And it is immaterial whether the injury complained of be done to the possession or to the freehold, Campbell v Arnold 1 John Rep. 311 Welcham v Freeman 12 John Rep. 183.

2nd. That the action of trespass does not lie against one in the actual possession of land afterwards purchased from the United States by a different person. He may be a trespasser as to the United States, but not as to the purchaser, Stryvesant vs Thompkins 9, J. Rep. 61.

3rd. That the certificate of the receiver in the form lately used under the pre-emption law of 1838, is not such evidence of title as to enable the holder to maintain the action of trespass against one in the actual possession of the land designated in the certificate.

*Cole for defendant in Error.*

1st. It will be insisted that the circuit court did not err in refusing the evidence preserved by first bill of exceptions.

2nd. That there was no error in refusing defendants in-

structions and in giving the substitute as shewn by second
bill of exceptions.

3rd. That the certificate of the receiver was legal evidence in the cause.

### Opinion of the Court by Tompkins Judge.

Benton brought an action of trespass against Roussin and others in the circuit court of Washington county, when judgment being given for him, the defendants prosecute their writ of error in this court to reverse the judgment of the circuit court.

On the trial of the cause the court was prayed to instruct the jury, that if they believe from the evidence that Lord was in possession of the premises as tenant to the plaintiff at the time the trespasses were charged to be committed then Benton could not maintain his action of trespass. This instruction the court refused to give, and instructed the jury that Lord might recover for injuries done to his possession, but that the injury complained of was an injury to the freehold, and that for such injury the owner of the freehold could maintain his action of trespass, although Lord might be his tenant in possession. The opinion of the court is excepted to, and the giving of the instructions is assigned as error.

The instruction given by the court was wrong. No evidence of the possession of Lord appears on the record. The instruction asked as well as that given raise the presumption that such evidence was given. But whether such evidence were given or not, the instruction being unfavourable to the defendants, it was error in the court to give it, see 1 Johnson 511 and 12 Johnson 183 where it is decided that a lessor cannot maintain an action of trespass quare clausum fregit while there is a tenant in possession.

*A lessor can not maintain an action of trespass quare clausum fregit while there is a tenant in possession.*

The judgment of the circuit court ought to be reversed, and all the court concurring it is reversed.